UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| HENRY SUMNER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 2:13CV00070 AGF/DDN |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the decision of the Commissioner of Social Security to deny Plaintiff supplemental security income under Title XVI of the Social Security Act and disability insurance benefits under Title II of the Act. Upon careful consideration of the Report and Recommendation of the United States Magistrate to whom this matter was referred for recommended disposition pursuant to 28 U.S.C. § 636(b), and the administrative record, the Court declines to adopt the recommendation of the Magistrate Judge that the Commissioner's decision should be affirmed.

Plaintiff did not file objections to the Magistrate Judge's Report and Recommendation (Doc. No. 28), and the Court adopts the Magistrate Judge's recitation of the facts of the case, including Plaintiff's medical history and the testimony at the evidentiary hearing before the ALJ. The Court also adopts the Magistrate Judge's review of the general legal principles applicable to this case. But the Court finds several

problems with the decision of the Administrative Law Judge ("ALJ") that Plaintiff was not disabled within the meaning of the Act that lead the Court to conclude that the case should be remanded for further proceedings. Specifically, upon remand the Commissioner is to obtain opinions from medical experts on Plaintiff's mental and physical impairments, reevaluate Plaintiff's residual functional capacity based upon those opinions and the record as a whole, and issue a new decision.

The Court believes that the ALJ's analysis of the weight due a claimant's global assessment of functioning ("GAF") scores is flawed.[1] Furthermore, as noted by the Magistrate Judge, the ALJ discounted the opinion of a licensed psychologist, who found serious mental impairments, due to the psychologist's lack of a medical or doctorate degree, whereas the Commissioner's regulations include licensed psychologists as acceptable medical sources. 20 C.F.R. § 404.1513(a)(2). Moreover, in discounting this source's opinions, the ALJ stated that they did not take into account the longitudinal picture of the Plaintiff's functioning. But this source examined the Plaintiff on two separate occasions 13 months apart, suggesting he did have a longitudinal picture.

After discounting the above evidence that Plaintiff's mental limitations are quite serious, the only medical opinion the ALJ relies on to find that they were not terribly serious are the notations of Plaintiff's relatively-new treating physician for his physical

---

[1] The ALJ gave "little weight" to Plaintiff's GAF scores during relevant time period (scores of 40 to 50, indicating major to serious impairment in social and occupational functioning) on the ground that a GFA score represents a level of functioning only on a particular day and hour, and on the ground that the score "may have little bearing on an individual's social and occupational functioning."

problems, that Plaintiff's mental status was "within normal limits" and his affect normal, and that he was not psychotic, suicidal, homicidal, or delusional. But the same physician opined that Plaintiff does not cope with stress well, and would have to be out of work five to ten times a month; the vocational expert testified that missing four days a month would preclude all work.

The Court also finds problematic the following musings of the ALJ in discounting the opinion of Plaintiff's treating physician on the severity of Plaintiff's physical limitations:

> The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he sympathized for one reason or another. Another reality, which should be mentioned, is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might satisfy their patient's requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm such motives, they are more likely in situations where the opinion departs substantially from the rest of the evidence of record.

In sum, the Court concludes that the Commissioner's decision is not supported by the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner in this case is **REVERSED** and the case is **REMANDED** for further proceedings, as set forth above.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2014.